UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANDREW P GALLEGOS<br>AKA: Andres P. Gallegos<br>7 W Enfield Center Road     Plaintiff<br>Ithaca, New York 14850<br><br>            vs.<br>Joe Turcotte, Alice Eccleston, Nancy Oltz, Sara Persons<br>c/o Tompkins Consolidated Area Transit, Inc.<br>(TCAT, Inc.)<br>737 Willow Avenue<br>Ithaca, New York 14850 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No.: 5:15-CV-613(GLS/ATB)<br><br>COMPLAINT FOR<br>EMPLOYMENT<br>DISCRIMINATION<br>BASED UPON AGE<br>AND RACE OR<br>NATIONAL ORIGIN |

Plaintiff demands a trial by:    __X__ JURY    _____ COURT

Plaintiff(s) in the above-captioned action, allege(s) as follows:

JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 29 U.S.C. §§ 626(c)(1). If the plaintiff is a federal employee, jurisdiction is conferred on this court pursuant to 29 U.S.C. § 633a(c).

PARTIES

2. a.  Plaintiff:              Andres P. Gallegos
       Address:             7 W Enfield Center Road
                             Ithaca, New York 14850

3. a.  Defendant:            Joe Turcotte
       Official Position:    General Manager, TCAT, Inc.
       Address:              c/o Tompkins Consolidated Area Transit, Inc.
                             737 Willow Avenue
                             Ithaca, New York 14850

   b.  Defendant:            Alice Eccleston
       Official Position:    Manager of Human Resources, TCAT, Inc.
                             Assistant General Manager, TCAT, Inc.
       Address:              c/o Tompkins Consolidated Area Transit, Inc.
                             737 Willow Avenue
                             Ithaca, New York 14850

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 20 2015
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

c.  Defendant:              Nancy Oltz
    Official Position:      Operations Manager, TCAT, Inc.
    Address:                c/o Tompkins Consolidated Area Transit, Inc.
                            737 Willow Avenue
                            Ithaca, New York  14850

d.  Defendant:              Sara Persons
    Official Position:      Assistant, Human Resources, TCAT, Inc.
                            Recording Secretary, TCAT Board of Directors
    Address:                c/o Tompkins Consolidated Area Transit, Inc.
                            737 Willow Avenue
                            Ithaca, New York  14850

4. This action is brought pursuant to:

   a. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634(b), as amended, for employment discrimination based on age.

   b. Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

5. Venue is invoked pursuant to 28 U.S.C. § 1391.

6. Defendant's conduct is discriminatory with respect to the following:

   1. (A) __X__ My race or color.
   2. (B) ____ My religion.
   3. (C) ____ My sex (or sexual harassment).
   4. (D) __X__ My national origin.
   5. (E) ____ My pregnancy.
   6. (F) ____ Other.

7. The conduct complained of in this action involves:

   1. (A) ____ Failure to employ
   2. (B) ____ Termination of employment
   3. (C) __X__ Failure to promote
   4. (D) ____ Unequal terms and conditions of employment
   5. (E) ____ Reduction in wages
   6. (F) ____ Retaliation
   7. (G) ____ Other acts as specified below:

# FACTS

8. Set forth the facts of your case which substantiate your claim of discrimination. List the events in the order they happened, naming defendants involved, dates and places.

Note: Each fact should be stated in a separate paragraph; paragraphs should be numbered sequentially.
You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.
The facts surrounding my claim of discrimination are:

1. This is the correct court because Plaintiff's Civil Rights were violated both by employment discrimination based on age and by employment discrimination based on race or national origin, both of which are federal questions.

2. This is the correct court because the Plaintiff lives and works in Tompkins County, which is in the jurisdiction of the Northern District of New York State. The Defendants work in Tompkins County, and the Company at which all parties are employed is located in Tompkins County, and operates in Tompkins County.

3. Plaintiff applied to be promoted from operator and revenue trainer to transit supervisor at TCAT, Inc., in 2007. Plaintiff was sole candidate with extensive training and experience with transit supervision.

Defendant Joe Turcotte did not act to promote plaintiff.

Defendant Alice Eccleston did not act to hire plaintiff, but did mock candidate when describing why he was not promoted.

4. Plaintiff applied to be promoted from operator and revenue trainer to transit supervisor on June 4, 2013. The job posting was for one job. Plaintiff was sole candidate with extensive training and experience with transit supervision.

Defendant Alice Eccleston did not act to promote plaintiff or anyone else for seven months.

Defendant Alice Eccleston did not act by allowing the interview of a candidate who was not eligible for the job posting re: two-year minimum driving experience required for 19A eligibility.

Defendant Nancy Oltz did not act to promote plaintiff or anyone else for seven months.

5. January 17, 2014, the plaintiff and other candidates received a letter inviting them to a second interview for the job. Plaintiff was given a time slot for January 22, 2014, which did not work well with his assigned work schedule.

Defendant Alice Eccleston did not act to post that there were now two job openings.

Defendant Nancy Oltz did not act to inform candidates that there were now two job openings.

Defendant Sara Persons did not act to post that there were now two job openings.

Defendant Sara Persons refused to re-schedule plaintiff's interview time to allow for more than fifteen minutes.

6. On February 14, 2014, Defendant Alice Eccleston announced that they had hired two brothers – trained by plaintiff – for the job, which had become two jobs.

Defendant Alice Eccleston acted to hire two candidates for what was posted as one job. She acted to hire two brothers, neither of whom had prior transit supervision experience. She did not act to fill the one position posted with the one candidate with prior transit supervision experience.

Defendant Nancy Oltz acted to hire two candidates for what was posted as one job. She acted to hire two brothers, neither of whom had prior transit supervision experience. She did not act to fill the one position posted with the one candidate with prior transit supervision experience.

7. Plaintiff is Mexican-American, born in the USA to parents who were both citizens. No one working in management at TCAT, Inc, is a minority by race or national origin. The Ithaca community is very diverse, the workforce of drivers is very diverse, and other people of color have applied for management positions. TCAT, Inc., takes tax money for operations from local, state, and federal governments.

Defendants Joe Turcotte, Alice Eccleston, Nancy Oltz, and Sara Persons are not acting to follow local, state, or federal guidelines for hiring practices and promotion of qualified minority candidates to management positions.

8. Plaintiff interviewed for another job opening, Manager of Safety, Training, and Security on December 30, 2014. The previous manager, Mike Albanese, had had no experience driving transit. As yet, no one interviewed has heard anything about the job.

Defendants Joe Turcotte, Alice Eccleston, Nancy Oltz, and Sara Persons are not acting to follow local, state, or federal guidelines for hiring practices.

9.   (a)   My date of birth is:         1968.
     (b)   My age at the time of the alleged discriminatory act was: 39-47 years.

10. I filed charges with the New York State Division on Human Rights or the New York City Commission on Human Rights regarding the alleged discriminatory acts on or about:

    N/A

11. I filed a Notice of Intent with the Equal Employment Opportunity Commission on or about:
    March, 2014

12. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached) which was received by me on or about:

    February 25, 2015

13. The plaintiff is an employee within the meaning of 29 U.S.C. § 630(f).

14. The plaintiff is within the age limits as prescribed by 29 U.S.C. § 631(a).

15. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 29 U.S.C. § 630(b) (c) and (d).

16. The defendant(s) is (are) engaged in commerce within the meaning of 29 U.S.C. § 630(h).

17. In accordance with 29 U.S.C. § 626(d) and § 633(b), more than sixty (60) days have elapsed since filing a charge alleging unlawful discrimination with the New York State Division of Human Rights, the New York City Commission on Human Rights or the Equal Employment Opportunity Commission.

18. If plaintiff is a federal employee and has not filed a complaint with the Equal Employment Opportunity Commission, in accordance with 29 U.S.C. § 633a(d) a thirty (30) day Notice of Intent to File this action must been given to the Equal Employment Opportunity Commission before an action may be brought in this Court.

19. PRAYER FOR RELIEF

    WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:

    I made transportation my lifetime career.

I would like to be paid $50,000 a year for 20 years, or the lump sum, to secure my retirement, send myself and my children to college, and everything else I would have done if I had been hired for the job and worked it for twenty years.

Additionally, for the pain and suffering of not being promoted within my career, while less-qualified candidates are promoted (and all that that entails: the work, the hours, and the salary), I am asking for $200,000.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 5-20-15

_____
Signature of Plaintiff(s) (all Plaintiffs must sign)

**NEW YORK 'ALL-PURPOSE' ACKNOWLEDGMENT**
**REAL PROPERTY LAW §309-a**

State of New York } ss.
County of Onondaga

On the 20 day of May in the year 2015 before me, the undersigned personally appeared Andres P Gallegos, Name of Signer

(and _____ ) personally known to me or
Name of Additional Signer, if Any

proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Signature of Notary Public
Notary Public — State of New York

Place Seal Below   OR   Complete Lines Below

El Hadji S Fall
Name of Notary

Onondaga
Name of County in Which Originally Qualified

02-24-18
Commission Expiration Date

EL HADJI S FALL
Notary Public - State of New York
NO. 01FA6297555
Qualified in Onondaga County
My Commission Expires Feb 24, 2018

_____
Name of County in Which Certificate of Official
Character Filed (if required)

──────── OPTIONAL ────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: Complaint for employment discrimination based upon age
Document Date: 05-20-15   Number of Pages: 6
Signer(s) Other Than Named Above: _____

© 2013 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5925