**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANDRES P. GALLEGOS,**

    **Plaintiff,**

    v.

**TOMPKINS CONSOLIDATED
AREA TRANSIT, INC.,**

    **Defendant.**
_____

**5:15-cv-613
(GLS/ATB)**

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Andres P. Gallegos
Pro Se
7 Enfield Center Road West
Ithaca, NY 14850

**FOR THE DEFENDANT:**
Hancock, Estabrook Law Firm
100 Madison Street, Suite 1500
Syracuse, NY 13202

**OF COUNSEL:**

JOHN T. MCCANN, ESQ.
WHITNEY M. KUMMEROW,
ESQ.

**Gary L. Sharpe
Senior District Judge**

**SUMMARY ORDER**

Plaintiff *pro se* Andres P. Gallegos brings claims under Title VII of the Civil Rights Act (Title VII)[1] and the Age Discrimination in Employment Act (ADEA)[2] against Tompkins Consolidated Area Transit, Inc. (TCAT) for a failure to promote him. (Am. Compl., Dkt. No. 5.) Pending is TCAT's motion for summary judgment. (Dkt. No. 47.) For the reasons stated in that motion and in TCAT's reply, (Dkt. No. 51), summary judgment for TCAT is granted.

To begin with, the court is mindful of the "need for caution about granting summary judgment to an employer in a discrimination case where, as here, the merits turn on a dispute as to the employer's intent." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).[3] And, as a *pro se* litigant, the court must read Gallegos's pleadings "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*,

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

[2] *See* 29 U.S.C. §§ 621-34.

[3] The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). "A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." *Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010).

The court agrees with TCAT's arguments. (*See generally* Dkt. No. 47, Attach. 12.) In particular, summary judgment is warranted because Gallegos voluntarily withdrew his application for the promotion at issue. (*Id.* at 3-4, 7-9.) Because Gallegos did not see his application through, he was not rejected by TCAT, and thus cannot set forth a prima facie case of discrimination. (*Id.* at 7 (citing *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998); *Sanchez v. Univ. of Conn. Health Care*, 292 F. Supp. 2d 385, 394 (D. Conn. 2003)).)

Gallegos's response, (Dkt. No. 50), even when read liberally and interpreted to raise the strongest arguments it suggests, cannot overcome TCAT's motion. His subjective assessment of his own qualifications in comparison to other candidates, (*id.* at 4-12), is insufficient to create a genuine dispute as to a material fact. *See Concepcion v. City of New*

3

*York*, 15 Civ. 2156, 2016 WL 386099, at *14 (S.D.N.Y. Jan. 29, 2016), *aff'd*, 693 F. App'x 31 (2d Cir. 2017) (collecting cases). Gallegos also alleges that a former employee harassed him for his Mexican heritage, (Dkt. No. 50 at 4), TCAT's budget was manipulated to promote other candidates, (*id.* at 15), certain events contributed to his post-traumatic stress disorder, (*id.* at 20, 21), and that someone named Mr. Dillard was repeatedly offered a "better" interview time for a second interview, (*id.* at 24). These allegations are non sequiturs because Gallegos offers no connection between them and his claims, *see Clark v. N.Y. State Elec. & Gas Corp.*, 67 F. Supp. 2d 63, 72 (N.D.N.Y. 1999), and "[s]tatements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment," *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999), *as amended on denial of reh'g* (Dec. 22, 1999).

In trying to overcome the fact that he withdrew from the application process before the second interview, (Dkt. No. 47, Attach. 12 at 3-4), Gallegos alleges that notes from his first interview "clearly show that no one on the interview committee had any intention of promoting [him]," (Dkt. No. 50 at 14). If true, this allegation would arguably justify Gallegos's

4

withdrawal on the theory that completing his application (instead of withdrawing before the second interview) would have been a futile endeavor. *See Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1213 (2d Cir. 1993); *Matthews v. Corning Inc.*, 77 F. Supp. 3d 275, 288-89 (W.D.N.Y. 2014). But Gallegos's allegation is speculation that need not be accepted as true. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). At best, the notes from the first round of interviews show that one interviewer did not favor Gallegos and another did not recommend Gallegos as a top candidate at the time, which does not justify Gallegos withdrawing from his second interview. (Dkt. No. 50, Attach. 1 at 20-30.)[4]

Gallegos also alleges that he had legitimate reasons for trying to reschedule his second interview. (Dkt. No. 50 at 1.) But he testified at deposition that he wanted a longer interview than the thirty minutes allotted, and no other candidate received more time. (Dkt. No. 47, Attach. 10 at 36-37; Attach. 1 ¶¶ 8, 12; Dkt. No. 50 at 18.)

---

[4] One interviewer wrote, among other notes, "no" on his rating sheet for Gallegos. (Dkt. No. 50, Attach. 1 at 25.) Another interviewer's notes included, "I don't recommend him as a top candidate at this time." (*Id.* at 30.) Even drawing all reasonable inferences from these notes, they do not create a genuine dispute as to whether the interviewers had no intention of promoting Gallegos. *See Bickerstaff*, 196 F.3d at 452. In any event, the court agrees with TCAT that Gallegos was unaware of these notes when he decided to withdraw his application, and interviews were just one factor that TCAT considered. (Dkt. No. 51 at 6 n.4.)

Gallegos's argument about the lack of diversity in TCAT's management is unavailing. (Dkt. No. 50 at 2-3, 22, 24.) This is a vague, generalized allegation that does not demonstrate how Gallegos was discriminated against. *See Fletcher v. Goord*, No. 07-cv-707, 2008 WL 4426763, at *16 n.41 (N.D.N.Y. Sept. 25, 2008). And, in any event, TCAT has a small managerial staff that primarily consists of six managers, (Dkt. No. 51, Attach. 1 ¶ 2), and "[s]uch a small sample size does not allow for inferences of discrimination." *Sattar v. Johnson*, 129 F. Supp. 3d 123, 140 (S.D.N.Y. 2015), *aff'd sub nom. Sattar v. U.S. Dep't of Homeland Sec.*, 669 F. App'x 1 (2d Cir. 2016) (collecting cases).

Finally, Gallegos's feelings and perceptions of discrimination are not evidence of discrimination. *See Bickerstaff*, 196 F.3d at 456. And the court "must respect the employer's unfettered discretion to choose among qualified candidates" and is "not to act as a super personnel department that second guesses employers' business judgments." *Byrnie v. Town of Cromwell*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks and citation omitted).

**ACCORDINGLY**, it is hereby

**ORDERED** that TCAT's motion for summary judgment (Dkt. No. 47)

is **GRANTED**; and it is further

**ORDERED** that Gallegos's amended complaint (Dkt. No. 5) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 16, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge